**GEORGE V. HAMILTON, INC., Plaintiff,**

v.

**EVERETT COMPANY, INC. and Philip Pavarini, t/a/d/b/a Everett Company, Defendants,**

v.

**FUTURA COATINGS, INC., Third-Party Defendant.**

**Civ. A. No. 83–107.**

United States District Court, W.D. Pennsylvania.

Jan. 10, 1985.

John F. Hooper, Meyer, Unkovic & Scott, Pittsburgh, Pa., for plaintiff.

James D. Shelby, Cleveland, Ohio, John A. Knorr, Robin Eden, Pittsburgh, Pa., for defendants.

James A. Bollenbacher, Richard F. Rinaldo, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for third-party defendant.

## OPINION

COHILL, District Judge.

This case is presently before us on Plaintiff's Motion for Sanctions, filed pursuant to Fed.R.Civ.P. 37(b), requesting that we strike all defenses and the counterclaim raised by Defendants Everett Company, Inc. and Philip Pavarini, t/d/b/a Everett Company, and that we enter judgment in favor of Plaintiff, plus costs of suit, interest, and attorneys' fees. The Third-Party Defendant, Futura Coatings, Inc., has joined in Plaintiff's Motion.

### FACTS

The Plaintiff in this action, George V. Hamilton, Inc. ("Hamilton"), a Pennsylvania corporation, has alleged a breach of contract based on alleged nonpayment by the Defendant for various roofing compounds and materials allegedly sold by Plaintiff. Defendants in this case are Everett Company, a sole proprietorship doing business under the laws of Ohio, and its proprietor, Philip Pavarini. Defendants claim that the goods were nonconforming under the contract because of inferior quality and defective design, and that Plaintiff failed to perform all of its duties under the contract. Answer, ¶¶ 4–6. Defendants have also asserted a counterclaim based on these alleged facts. A Third-Party Complaint was filed by Plaintiff against Futura Coatings, Inc., a Missouri corporation and the manufacturer of the materials in question, asserting claims for indemnity and contribution.

The present motion is the last of many motions to compel and motions for sanctions filed in this case. Pursuant to this motion, we conducted a hearing on November 29, 1984, at which time we stated that we were seriously considering granting the requested relief of entry of judgment. We directed, however, in light of the recent cases of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir.1984) and *Scarborough v. Eubanks*, 747 F.2d 871 (3d Cir. 1984), that the parties file supplemental briefs addressed to the issues set forth in these cases. We scheduled another argument for December 11, 1984, offering counsel the opportunity to offer testimony, if necessary.

The present Motion for Sanctions is specifically addressed to Defendants' failure to produce documents. Because entry of judgment, like dismissal, is the most extreme sanction in civil litigation, and in light of the recent guidelines set out by the Court of Appeals for the Third Circuit in *Poulis* and *Scarborough*, we preface our analysis with the following findings of fact.

*Findings of Fact*

The problems in this case relate to Defendants' conduct during discovery, and began with Interrogatories served on Everett/Pavarini by Plaintiff on February 22, 1983. By November 17, 1983, the Interrogatories had not been answered, and Plaintiff filed a motion to compel at that time. An additional problem raised was Plaintiff's unsuccessful attempts, over the course of the summer, to schedule the deposition of Mr. Pavarini.

On December 13, 1983, we ordered Mr. Pavarini to file responses to the Interrogatories by January 3, 1984. The Interrogatories had been outstanding for almost one year. We also ordered the deposition of Mr. Pavarini to be scheduled at the earliest convenience of the parties. At that time, we denied Plaintiff's motion for sanctions.

On February 6, 1984, Plaintiff again filed a motion for sanctions. No responses to the Interrogatories had been filed, in spite of our order. On February 8, 1984, the Court ordered the Defendant to show cause why sanctions should not be imposed and ordered a response from Defendant by February 27, 1984.

On March 1, 1984, Defendants' attorney filed a response, stating that problems with the mails had interfered with delivery of his letters to Mr. Pavarini, and that the Answers to Interrogatories, mailed by Mr. Pavarini to his attorney, had also been lost in the mails. The response by Defendants' attorney also stated that he had tried to reach Mr. Pavarini by telephone and mail for three months to no avail. Answer to

Rule to Show Cause Why Sanctions Should Not Be Imposed, at 1–2.

On April 18, 1984, the Court assessed counsel fees against Mr. Pavarini personally in the amount of $350.00, ordered the deposition of Mr. Pavarini to be held May 18, 1984, and ordered the now-famous interrogatories answered by May 1, 1984.

The Answers to Interrogatories were filed April 30, 1984, over 14 months after their service on Defendants.

On June 22, 1984, Plaintiff served Defendants with a First Request for Production of Documents. On September 13, 1984, Plaintiff was again forced to file a Motion to Compel Discovery. None of the requested documents had been supplied. On September 24, 1984, the Court ordered the documents produced within ten days.

On October 4, 1984, having produced none of the documents, Defendants' counsel advised Plaintiff's counsel that he was collecting the documents, and that they would be produced October 9, 1984.

On October 10, 1984, Plaintiff filed yet another motion for sanctions. The documents had not been produced. Plaintiff requested an order striking Defendants' defenses and counterclaim, and also requested entry of judgment, costs, and attorneys' fees. The Court reserved ruling because Defendants' counsel, by letter of October 22, 1984, advised Plaintiff's counsel that some of the documents were then available and that the rest would be available November 6.

On November 9, Plaintiff filed the present motion for sanctions. At the November 6, 1984 meeting, the Defendants had produced only a limited number of the promised documents.

On November 19, 1984, the Court entered an order requiring a response by Defendants to the Motion for Sanctions by November 26, 1984. No response was filed, despite this Court's order. At the first hearing on this motion, held November 29, 1984, counsel for Defendants explained that no response was filed because he agreed with Plaintiff's recitation of the facts. Counsel for Defendants also stated that by his lack of response, "I did not intend to show more interest in this case than my client has shown. My file is replete with unanswered letters, certified mail that has been refused, and I am simply at a stage where I cannot act in any meaningful way on behalf of my client." Tr. at 4. Counsel for Defendants orally moved for permission to withdraw from the case. We denied that motion.

At the second hearing on Plaintiff's motion for sanctions, which we limited to the question of appropriate sanctions under *Poulis* and *Scarborough*, Counsel for Defendants offered no response, only that he had communicated by written correspondence to Mr. Pavarini a summary of the November 26 hearing. Counsel for Defendants also filed a "Non-Brief" stating that Defendants were declining to file a brief on the issues raised by the Court as to the appropriate sanctions.

*Discussion*

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides, in part, that:

> If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ... (C) An order ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party....

██ Whether to impose sanctions upon a party pursuant to Fed.R.Civ.P. 37, as well as the nature of the sanctions, is a matter entrusted to the discretion of the district court. *See, e.g. National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) (per curiam). Nonetheless, the United States Court of Appeals for the Third Circuit has emphasized "the extreme nature of a dismissal with prejudice or default judgment." *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 at 867 (3d Cir.1984); *In re MacMeekin*, 722 F.2d 32, 35 (3d Cir.1983). Therefore, the Court of Appeals has stated that the imposition of

such drastic sanctions "should be reserved for those cases where there is a clear record of delay or contumacious conduct" by the disobedient party. *Poulis*, at 866 (quoting *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir.1982)).

Moreover, since 1982 the Court of Appeals has required that any dismissal or default judgment entered pursuant to Fed. R.Civ.P. 37 "be accompanied by some articulation on the record of the Court's resolution of the factual, legal and discretionary issues presented," so that the Court of Appeals, if called upon to do so, may "determine whether the relevant factors were considered and assigned appropriate weight in making the decision." *In re MacMeekin*, 722 F.2d at 34–35 (quoting *Quality Prefabrication Inc. v. Daniel J. Keating Co.*, 675 F.2d 77, 80 (3d Cir.1982)).

The Court of Appeals for the Third Circuit recently articulated six factors to be considered and weighed by the district courts in determining whether the most extreme sanctions are appropriate:

> (1) the extent of the *party's* personal responsi*bility;* (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the *meritoriousness* of the claim or defense.

*Poulis*, at 867–868 (emphasis in original). *See Scarborough v. Eubanks*, at 874–878. We believe that, when the record of this civil action is examined, the egregious record of delay and contumacious conduct by Mr. Pavarini requires the imposition of the most severe sanctions available to this Court.

### A. *The Extent of the Party's Personal Responsibility*

Unlike *Poulis* and *Scarborough*, we believe that, in this case, Mr. Pavarini bears responsibility for the failure to answer interrogatories and the failure to produce documents. In connection with the interrogatories, Mr. Pavarini's own counsel, in response to this Court's Order to Show Cause issued on February 8, 1984, stated that he had unsuccessfully attempted to communicate with Mr. Pavarini by mail and telephone for three months.

Counsel for Mr. Pavarini was also unable to respond to Plaintiff's Request for Production of Documents. We have already cited the statement by Defendants' counsel at the November 29, 1984 hearing as to his inability to elicit responses from his client. *See* Hearing Transcript, November 29, 1984, at 4.

Mr. Pavarini ignored this Court's order to answer the interrogatories, only providing answers after counsel fees had been assessed against him personally in the sum of $350.00. *See* Order of April 18, 1984.

Mr. Pavarini was unavailable for deposition for many months. On December 13, 1983, we ordered the scheduling of Mr. Pavarini's deposition at the earliest convenience of the parties. By April 18, 1984 the deposition had not been scheduled and we entered an order on that date scheduling the deposition for May 18, 1984. Mr. Pavarini appeared on May 18. On May 23, the date scheduled for the deposition to continue, with no prior notice to even his own counsel, Mr. Pavarini failed to appear. He telephoned the convened lawyers at 9:00 A.M. on that date to so inform them. Hearing Transcript, December 11, 1984, at

——.

Mr. Pavarini has failed, even after several motions for sanctions, to produce the documents requested by Plaintiff.

While we understand the concern expressed by the Court of Appeals for the Third Circuit that hasty and indiscriminate impositions of sanctions may contribute to an "atmosphere in which the meritorious claims or defenses of innocent parties are no longer the central issue," *Poulis*, at 870, we believe that in cases like the one presently before us, conduct by a party may become so obstructionist as to achieve the same result. We believe that point has been met here.

### B. *History of Dilatoriness*

Three methods of discovery have been employed in this case. The history of dilatoriness, evident from our earlier recital of facts, permeated all of them. Answers to Interrogatories were not supplied for ·14 months, and then, only after two court orders and the imposition of monetary sanctions. The deposition of Mr. Pavarini had to be ordered by this Court after many months of delay. Mr. Pavarini failed to appear at one of the sessions. Finally, Mr. Pavarini made no attempt to satisfy any part of Plaintiff's Request for Production of Documents for over four months, again ignoring an order of this Court. While some of the documents have been supplied, not all have been produced.

> Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of the litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history by [a party] of ignoring these time limits is intolerable.

*Poulis,* at 868.

### C. *Prejudice to the Adversary*

In order to make a determination as to prejudice, it is necessary to review the material issues. Defendants' Answer and Counterclaim raised issues as to 1) whether the goods sold were nonconforming, 2) whether Hamilton or Futura were contractually obligated and/or failed to supervise or assist with application of the products, and 3) whether various items of damages, including lost profits and the purchase of special equipment, were incurred by Defendants.

The Interrogatories, which numbered only 25, were addressed to these issues. The documents requested, many of which have not been produced despite our orders, pertain to job reports which include names of personnel, procedures, and weather conditions at the work site, invoices for the special equipment Defendants were allegedly forced to purchase to complete the job, and tax returns relating to claims by Defendants of lost business.

Finally, Plaintiff requested the pump filter and hose used by Defendants in order to examine whether the applicator was defective or still contained residue of the compounds used. These requested items are clearly relevant to the issues raised by the pleadings.

The Court of Appeals has stated that

> If there has been true prejudice to a party by its adversary's failure to file a timely or adequate pleading, discovery response, or pretrial statement, that factor would bear substantial weight in support of dismissal or default judgment. Examples of such prejudice are the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.

*Scarborough,* at 875–876.

We find that prejudice has occurred in each of these ways. First, there has been an apparent loss of evidence. Over two years have now passed since the events giving rise to this lawsuit. Defendants' counsel has written, with respect to Plaintiff's Request for Production of Documents, "My client has advised me that he is unable to locate any notes of his first meeting with Bruce Stittsworth, as requested in Item No. 3 ... [t]he same applies to Item No. 4, although Mr. Pavarini is confident that he will be able to locate cancelled checks and receipts." Letter from John A. Knorr to John F. Hooper and Richard F. Rinaldo, October 22, 1984, at 2. Second, names of workers present at the job site, whose memories may be of importance, have not been produced. Finally, Plaintiff has incurred substantial burdens and costs in the effort to locate and obtain information.

### D. *Whether Attorney's Conduct was Willful or in Bad Faith*

Nothing before us indicates responsibility on the part of Defendants' counsel. To the contrary, he appears to have been stymied by his client in the same ways as were all others involved in this action.

## E. *Meritoriousness of Claim or Defense*

The Court of Appeals has stated that "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, at 869–870; *Scarborough*, at 875.

In setting forth the above standard, the Court of Appeals rejected a summary judgment standard, and, instead, adopted the "meritorious" standard used in deciding default judgment motions. *Poulis*, at 869–870. Thus, consideration of materials outside the pleadings, such as depositions and answers to interrogatories, is foreclosed, though we believe they would be helpful in analyzing this issue.

Plaintiff in this case alleges breach of contract by nonpayment. Defendants admit in their Answer 1) entering into the contracts, 2) accepting delivery, and 3) use of the materials, Answer, ¶¶ 4–5, but deny liability, claiming, *inter alia*, that the roofing compounds and materials were defective and that Plaintiff failed to perform certain unspecified duties under the contract. *Id.* ¶ 6.

The Answer thus admits acceptance and claims that Defendants rejected the compounds. Given the liberal construction given to pleadings, however, we might construe this as a defense of revocation, especially given that Defendants assert that they rejected the compounds "upon discovery of said defects." *Id.*

The counterclaim alleges breach of contract in supplying nonconforming goods and breach of warranties. Counterclaim, ¶¶ 6–9. Defendants claim damages of 1) $35,000, purportedly "reflecting the cost of defense of a lawsuit by a third party or the cost of repairing the defective roof." Id. ¶ 11; 2) $8,000 purportedly relating to the purchase by Mr. Pavarini of "specialized equipment," *id.* ¶ 18; and 3) "an as yet undetermined amount" relating to alleged lost business. *Id.* ¶ 13.

In the Reply to the Counterclaim, Plaintiff generally denies the allegations made and asserts various affirmative defenses, including statute of limitations, statute of frauds, failure to properly revoke, and improper use of the product.

Given the liberal pleading standards, we do not find Defendants' Answer and Counterclaim legally insufficient. Plaintiff's Reply, however, does state legal and factual defenses, which, if proven, would prevail. For example, the fact that the goods were allegedly nonconforming is not a defense if Defendants failed to notify Plaintiff properly. *See, e.g.* 13 Pa.Cons.Stat. Ann. § 2608 (Purdon 1984).

Had we felt this was a close case, the arguable merit of the Answer and Counterclaim might have weighed more heavily in our decision. Clearly, however, the six factors are to be weighed in the context of the facts of the case. We note, that, in *Poulis*, the Court of Appeals affirmed the dismissal of the action even though not all six factors were met.

## F. *Alternative Sanctions*

As noted previously, Fed.R.Civ.P. 37 authorizes various levels of sanctions. Dismissal or entry of judgment is a sanction of last resort. *Poulis*, at 869. Defendants have already been the subject of numerous court orders, several of which were violated. We have already imposed a monetary sanction directly on Defendants. These actions have had no apparent effect on the dilatory and obstructionist behavior, as is shown by the most recent failure to produce documents, also the subject of a specific court order. We believe that a preclusion order striking the defenses and counterclaim would ultimately have the same effect as dismissal, but would involve further delays and expenses in the resolution of this case. We are unwilling to impose this burden on the other parties in light of the Defendants' prior conduct nor are we convinced that alternative sanctions would have any salutary effect. As the Court of Appeals has stated, "[a]lternatives are particularly appropriate when the plaintiff has not personally contributed to the delinquen-

cy." *Poulis*, at 866. That is not the case here.

### Conclusion

 As we believe the foregoing opinion makes clear, we do not believe this to be a case where the sanctions imposed would have the effect of "compelling an innocent party to bear the brunt of its counsel's dereliction." *Poulis*, at 868. We believe Defendants bear responsibility for the repeated dilatory and obstructionist conduct. Thus, we will grant Plaintiff's motion to enter judgment in favor of Plaintiff in the amount of $19,406.59. An appropriate order will follow.