

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2006

# Richardson v. Treacy Shaffel

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3872

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Richardson v. Treacy Shaffel" (2006). *2006 Decisions.* Paper 868.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/868

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-3872

———————

IN RE: RICHARDSON INDUSTRIAL
CONTRACTORS, INC.,
Debtor

HARRY A. RICHARDSON,
Appellant

v.

TREACY, SHAFFEL, MOORE & MUELLER; DEANNE ARNONE;
LARRY BLUMENSTYK; STATE OF NEW JERSEY;
SALVATORE ARNONE; EUGENE R. BOFFA, JR.;
THOMAS BUCK; JOSEPH AMBROSIO

ANDREA DOBIN; US TRUSTEE,
Trustees

———————————

Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 05-cv-01190)
District Judge: Honorable Garrett E. Brown, Jr.

——————————————

Submitted Under Third Circuit L.A.R. 34.1(a)
April 21, 2006

Before: RENDELL, AMBRO and ROTH*, Circuit Judges.

(Filed: June 20, 2006)

———————————

*Effective May 31, 2006 Judge Roth assumed senior status.

————————

_____

PER CURIAM

This appeal represents but one of several cases arising from disputes over a Federal Bureau of Prisons construction contract on the New York Metropolitan Detention Center (MDC). Appellant Harry Richardson appeals from the District Court's order holding untimely his appeal from the Bankruptcy Court for the District of New Jersey. For the reasons that follow we will affirm.

I.

After more than a decade of litigation, the parties are now quite familiar with the facts, and thus, we only briefly recite them here. In 2003, Richardson Industrial Contractors, Inc. (RICI), commenced a bankruptcy action in which Richardson, as RICI's principal shareholder, joined as a creditor. See In re Richardson Indus. Contractors, Inc., No. 03-26318 (Bankr. D.N.J.) On September 14, 2004, the appointed Trustee filed a motion to submit a proposed order for the approval of a settlement agreement with Moniaros Contracting Company (MCC), the general contractor on the MDC site, and St. Paul/Seaboard Surety, MCC's surety. On November 1, 2004, the Bankruptcy Court granted the motion requesting that the proposed order be submitted approving the settlement agreement. Richardson filed an objection.

On December 2, 2004, the Trustee submitted a proposed order. Richardson claims he never received a copy. He also claims that he called the Clerk's Office "every two or

2

three days" to inquire whether an order had been entered, each time receiving a negative response. He alleges the Clerk's Office explained that the Court's December 6th order rejecting his objections to the approval of the settlement agreement was "inclusive," and meant that no further orders would issue.

On January 4, 2005, the Trustee submitted additional copies of the order to the Bankruptcy Court and copied the parties, including Richardson. One day later, the Bankruptcy Court entered the order, which was identical in form to the one submitted by the Trustee. Although Richardson objected to the proposed order on January 6, 2005, he claims he was not aware that an order was entered until January 18th, and only then filed a notice of appeal on January 20, 2005. The Appellees filed a motion to dismiss arguing that the notice of appeal was untimely. The District Court agreed and dismissed the appeal. Richardson moved for reconsideration, but the District Court denied the motion. He then filed the instant appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over questions of law and mixed questions of law and fact. See Jones v. Chemetron Corp., 212 F.3d 199, 204-05 (3d Cir. 2000). Federal Rule of Bankruptcy Procedure 8002(a) requires a notice of appeal to be filed within ten days of the date from which the order appealed from is entered. Importantly, in bankruptcy proceedings, intermediate weekends and holidays are included in the computation of time unless the time period at issue is less than eight days. Fed. R. Bankr. P. 9006(a). Thus, Richardson's time to file a

3

notice of appeal expired on January 18, 2005.

Richardson presents several arguments to support his position that the appeal should be considered. First, he contends that he did not receive notice of the Bankruptcy Court's order until January 18th. Second, he argues that the Supreme Court's "unique circumstances" doctrine applies because the Bankruptcy Court misinformed him regarding the submission of a proposed order. Finally, he argues that Local Bankruptcy Rule 9072-1 tolled the commencement of the ten-day period until January 11, 2005.

With respect to his first argument, Rule 9022(a) expressly provides that "[l]ack of notice of entry [of an order] does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed . . . ." Fed. R. Bankr. P. 9022(a). Thus, it is irrelevant when Richardson received notice of the Bankruptcy Court's order, and the claim, therefore, must fail.

His second argument fares no better. Under the doctrine of unique circumstances, an appellate court may consider an appeal out of time where an appellant relies on a statement by the appropriate court that the notice of appeal will be timely. See Thompson v. INS, 375 U.S. 384, 387 (1964). Richardson's argument that the Clerk misinformed him that there would be no final ordered entered does not amount to a statement that a notice of appeal would be timely. Moreover, his receipt of the proposed order on January 4, 2005, should have notified him that the Bankruptcy Court had not yet approved a final order. He also contends that the Bankruptcy Court's letter dated January 19, 2005, stating that his objections should be raised in an appeal, was an indication that any appeal would

4

still be timely. This argument is patently meritless. Nothing in the letter assures Richardson that he could still appeal. Thus, he fails to show that the unique circumstances doctrine applies.

Finally, he argues that Local Rule 9072-1 grants him five days to file an objection to the proposed order, thus, the Bankruptcy Court should have waited until January 11, 2005, to issue its order, thereby making his January 20th appeal timely. Section 9072-1(d) permits five days to respond with objections if the submitted proposed order is not certified with a statement saying that the parties are in agreement to its form. D.N.J. Bankr. R. 9072-1(d). While the December 2nd proposed order did not contain such a statement, the submission did contain notice that Richardson, as well as other parties, were served copies. Thus, the five day period applied to the December 2nd submission, not to the duplicate copies of the same proposed order submitted on January 4, 2005.

Further, Local Rule 9072-1(c) by its express terms applies only to a ruling or application that "differs from that reflected in any proposed orders which have been submitted . . . ." The Bankruptcy Court's order was identical to the proposed order. Thus, the five days for objecting to an altered order provided by subsection (c) is inapplicable. This reasoning stands irrespective of whether Richardson actually received the proposed order in December. Under the Rules, harsh as they may appear to be, Richardson still had an obligation to watch the docket for an entry of an order if he intended to file a timely appeal.

For the foregoing reasons, the notice of appeal is untimely. We will affirm the

5

District Court's order dismissing the appeal.