

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2006

# In Re:Richardson Ind

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3868

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re:Richardson Ind " (2006). *2006 Decisions.* Paper 869.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/869

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3868
_____

IN RE: RICHARDSON INDUSTRIAL CONTRACTORS, INC.,
Debtor

HARRY A. RICHARDSON,
Appellant

v.

TREACY, SHAFFEL, MOORE & MUELLER; DEANNE ARNONE; LARRY
BLUMENSTYK; STATE OF NEW JERSEY; SALVATORE ARNONE

ANDREA DOBIN; US TRUSTEE,
Trustees
_____

Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 05-cv-00501)
District Judge: Honorable Garrett E. Brown, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
June 1, 2006

Before: RENDELL, AMBRO and ROTH, <u>Circuit</u> <u>Judges</u>

(Filed: June 20, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

This appeal represents one of several cases arising from disputes over a Federal Bureau of Prisons construction contract on the New York Metropolitan Detention Center (MDC). Appellant Harry Richardson appeals from the District Court's order dismissing his appeal with prejudice for failure to follow the mandates of the Federal Rules of Bankruptcy Procedure. For the reasons that follow we will vacate and remand for further proceedings.

I.

After more than a decade of litigation, the parties are now quite familiar with the facts and, thus, we only briefly recite them here. In 2003, Richardson Industrial Contractors, Inc. (RICI), commenced a bankruptcy action in which Richardson, as RICI's principal shareholder, joined as a creditor. See In re Richardson Indus. Contractors, Inc., No. 03-26318 (Bankr. D.N.J.). On December 6, 2004, the Bankruptcy Court entered an order denying Richardson's motion for reconsideration of its order denying his application for designation of a new independent counsel to prosecute RICI's claim in the United States District Court for the Eastern District of New York. Richardson timely appealed to the United States District Court for the District of New Jersey.

Pursuant to the briefing schedule set by the District Court in accordance with Bankruptcy Rule 8009, Appellant's brief was due on February 10, 2005.[1] When the

---

[1] Richardson filed his notice of appeal in the Bankruptcy Court on December 10, 2004. The Bankruptcy Rules anticipate that a complete record will be assembled before being transmitted to the District Court for appeal. Thus, an appeal is not formally docketed until the record has been transmitted to the District Court, which in this case

2

briefing schedule was issued, Appellant was also directed to furnish paper copies of all of the documents listed in the designation of the record. On February 4, 2005, Appellant sent a letter to the District Court Clerk requesting that the Clerk establish "a reasonable schedule and method of payment" for him to provide the documents and grant an extension of time until May 10, 2005 to submit his brief. On February 10, 2005, Appellant filed a letter motion with the Court requesting that it grant the extension of time requested in his February 4 letter.

Appellees Larry Blumenstyk and Salvatore and Deanna Arnone objected to Appellant's request, arguing that the motion was filed for the sole purpose of delay and that Appellant had not set forth any legitimate basis for extending the time to file his brief. On March 21, 2005, the District Court granted Appellant's motion, finding Appellant's request for a 90-day extension to be excessive, but granting Appellant a 60-day extension, until April 8, 2005, to file his brief.

On April 5, 2005, three days before the brief was due, Appellant filed a second request for an extension of time until May 10, the date the District Court had previously rejected as excessive. Appellant argued that upon receiving the Court's order granting him an extension of time, he contacted the Bankruptcy Court regarding the transcripts noticed in the designated record and was informed that, even with expedition, the

---

occurred on January 26, 2005. See Fed. R. Bankr. P. 8007(b). The time in which to file appeal briefs begins to run from the date the appeal is entered on the District Court docket. See Fed. R. Bankr. P. 8009(a).

3

transcripts would not be available until shortly after April 8. It appears from this statement that Appellant did not attempt to acquire these transcripts until after March 21 despite having filed his notice of appeal in the Bankruptcy Court on December 10, 2004. Appellant supplemented his motion with a letter to the Court dated April 6, 2005 indicating that the Bankruptcy Court had provided a disc to the transcription service containing incorrect data, thereby further delaying production of the transcripts.

Appellees opposed Richardson's second motion, arguing that it did not differ substantially from his first, that it was merely a delaying tactic, and that Appellant had failed to promptly order transcripts after filing the designation of record as required by Federal Rule of Bankruptcy Procedure 8006.[2]

On May 9, 2005, while his motion for an extension of time was still pending, Richardson filed his appeal brief. On May 24, 2005, the District Court issued an order denying Richardson's motion for an extension of time and dismissing his appeal for failure to follow the Bankruptcy Rules and to timely file an appellate brief. The Court held that Appellant had intentionally disregarded its original order rejecting his request for a 90-day extension of time to file his brief and instead granting a 60-day extension;

---

[2] The Bankruptcy Rules require that, within ten days of filing a notice of appeal, an appellant file and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. See Fed. R. Bankr. P. 8006. In addition, "[i]f the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost." Id.

4

that while the Federal Rules of Bankruptcy Procedure provide 15 days in which to file an appellate brief, Appellant had been allowed more than two months in which to do so; and that Appellant had failed to take immediate steps after the filing of the designation of record to file a written request for transcripts as required by Federal Rule of Bankruptcy Procedure 8006. The Court concluded that Richardson's failure to honor the previously extended deadline of April 8, 2005, as well as his failure to comply with Federal Rule of Bankruptcy Procedure 8006, constituted egregious behavior and bad faith, and could not be considered excusable neglect. The Court further found that Richardson's actions could not satisfactorily be addressed by discovery sanctions or barring participation in oral argument, and therefore concluded that dismissal of the appeal pursuant to Federal Rule of Bankruptcy Procedure 8001 was warranted.

On June 6, 2005, Richardson timely moved for reconsideration, arguing that the District Court had misapplied the relevant case law and had not accorded sufficient consideration to Appellant's pro se and financial status in concluding that his appeal should be dismissed. The District Court held that Appellant had not met the stringent standard governing motions for reconsideration, and for the reasons stated in its initial order, denied Appellant's motion for reconsideration.[3] Richardson timely filed a notice of appeal.

---

[3] By the same opinion and order, the District Court also denied Richardson's motion for a stay pending appeal. Because Richardson does not address this issue in his appellate brief, we do not consider it here.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We review a dismissal for failure to prosecute for abuse of discretion.  In re Jewelcor Inc., 11 F.3d 394, 397 (3d Cir. 1993).

Appellant argues that the District Court erred in concluding that he had engaged in egregious behavior by failing to comply with the time limitations for filing his brief "due to the failure of the Bankruptcy Court to forward the proper discs to the Court Reporter, due to the myriad of motions at that time and due to the complexity of the conflict la[w] that has to be researched."  He maintains that he filed his brief "within the realistic period of time that he originally requested" and before the District Court had ruled on his brief.  Appellant argues that he exhibited no bad faith or egregious conduct, that he in fact filed his brief 15 days before the District Court issued its decision, and that the Court failed to indicate what "other sanctions" it considered before deciding to dismiss his appeal.  According to Appellant, at best his conduct may be characterized as "excusable neglect" and his late filing should be excused.  While Appellee Larry Blumenstyk filed a response in which the Arnones joined, the response addresses the merits of the underlying appeal, rather than the District Court's dismissal of the appeal, and therefore we do not discuss it here.

Under Rule 8001(a) of the Federal Rules of Bankruptcy Procedure, the District Court is empowered to dismiss an appeal for failure to prosecute or otherwise follow the procedures set out in the Bankruptcy Rules.  In assessing the propriety of such an action,

we have stated that:

> we will be guided by the manner in which the trial court balanced the
> following factors, which have been enumerated in the earlier cases, and
> whether the record supports its findings: (1) the extent of the *party*'s
> personal *responsibility*; (2) the *prejudice* to the adversary caused by the
> failure to meet scheduling orders and respond to discovery; (3) a *history* of
> *dilatoriness*; (4) whether the conduct of the party or the attorney was *willful*
> or in *bad faith*; (5) the effectiveness of sanctions other than dismissal,
> which entails an analysis of *alternative sanctions*; and (6) the
> *meritoriousness* of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). We have

previously held that the failure of a district court to consider all of these factors prior to

dismissing an action for failure to prosecute constitutes an abuse of discretion. See

Livera v. First Nat'l State Bank of New Jersey, 879 F.2d 1186, 1188 (3d Cir. 1989);

Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73-74 (3d Cir. 1987).

> In its initial order dismissing the appeal, the District Court concluded:

> appellant's failure to honor the previously extended deadline of April 8,
> 2005 as set by this Court to file his appellate brief, as well as his failure to
> comply with the aforementioned requirement of Fed. R. Bankr. P. 8006
> satisfies the egregious behavior, bad faith and excusable neglect
> requirements which support dismissal of the appeal; and the Court further
> finding that less severe sanctions, which would include discovery sanctions,
> barring participation in oral argument and the like, fail to adequately
> address the utter failure of Appellant to follow the mandates of the Federal
> Rules of Bankruptcy Procedure, and as such, are rejected by this Court as
> viable alternatives to dismissal.

As we have explained, in reviewing a dismissal for failure to prosecute, we will be guided

by the way in which the District Court balanced all six of the Poulis factors. See Poulis,

747 F.2d at 868; see also United States v. $8,221,877.16 in United States Currency, 330

F.3d 141, 162 (3d Cir. 2003) (explaining that "we have always required consideration and balancing of *all six* of the factors, and have recommended the resolution of any doubts in favor of adjudication on the merits"). Here, the District Court considered only two of the six factors: Richardson's bad faith in requesting a second extension of time in which to file his brief and the ineffectiveness of alternative sanctions. Furthermore, the Court's discussion of these two factors was limited and did not set out the basis for its conclusions in such a way as to permit meaningful review of its decision. See In re MacMeekin, 722 F.2d 32, 35 (3d Cir. 1983) (concluding that district court's mere description of counsel's conduct as "'inexcusable neglect'" and "a 'conscious failure to comply' with discovery" does not adequately provide reviewing court with rationale for lower court's decision); Quality Prefabrication, Inc. v. Daniel J. Keating Co., 675 F.2d 77, 80 (3d Cir. 1982) (explaining that there must be some "articulation of the basis for the [district court's] action . . . [to] enable the reviewing court to determine whether the relevant factors were considered and assigned appropriate weight in making the decision").

As observed by the Eleventh Circuit, "[d]ismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal." In re Beverly Mfg. Corp., 778 F.2d 666, 667 (11th Cir. 1985). see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003) (approving use of dismissal as sanction for "utter failure" of plaintiff to provide defendant with damages calculation until eve of trial); Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (upholding dismissal of bankruptcy appeal for failure to follow Bankruptcy

8

Rules or timely file appeal brief where plaintiffs provided no explanation or excuse for noncompliance); In re Champion, 895 F.2d 490, 492 (8th Cir. 1990) (finding no abuse of discretion in dismissing appeal where appellant had not filed designation of record or statement of issues required by Bankruptcy Rule 8006); In re Tampa Chain Co., 835 F.2d 54, 56 (2d Cir. 1987) (affirming dismissal of bankruptcy appeal for failure to file brief for seven months after due date or provide any explanation for failure, even after court's inquiry into delinquency). By contrast, Appellant twice requested extensions of time in which to file his brief, citing difficulties in obtaining transcripts from the Bankruptcy Court proceedings. This is in line with our recommendation that when compliance with deadlines imposed either by the district court or court rules is not feasible, the litigant should timely request an extension. See Poulis, 747 F.2d at 868.

We recognize that Richardson did request the second extension of time at the eleventh hour and that part of his difficulty in obtaining the transcripts in a timely manner can be traced to his failure to comply with Bankruptcy Rule 8006. Such behavior is not excusable, and it is well within the authority of the District Court to impose an appropriate sanction. However, we have repeatedly held that "dismissals with prejudice . . . are drastic sanctions, termed 'extreme' by the Supreme Court, and are to be reserved for comparable cases." Poulis, 747 F.2d at 867-68 (citation omitted). Under the present circumstances, where Appellant timely requested extensions of time in which to file his brief, and in fact did file his brief prior to issuance of the District Court's order, we conclude that dismissal was not appropriate.

Accordingly, we will vacate the District Court's order and remand for further proceedings.