

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-25-2008

# In Re:Richardson Ind

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2502

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re:Richardson Ind " (2008). *2008 Decisions.* Paper 1529.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1529

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2502
_____

IN RE: RICHARDSON INDUSTRIAL CONTRACTORS, INC.,

Debtor

HARRY A. RICHARDSON,

Appellant

ANDREA DOBIN,

Trustee

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil Action No. 05-cv-00501)
District Judge:  Honorable Garrett E. Brown, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
FEBRUARY 12, 2008

Before:  SLOVITER, BARRY AND GREENBERG, <u>CIRCUIT JUDGES</u>.

(Opinion Filed: February 25, 2008 )
_____

OPINION
_____

PER CURIAM

Harry A. Richardson appeals pro se from the District Court's orders affirming the Bankruptcy Court's denial of his motion to appoint independent special counsel and declining to reconsider that ruling. We will dismiss this appeal as moot.

I.

Richardson was an unsecured creditor in the Chapter 7 bankruptcy of Richardson Industrial Contractors, Inc. ("RICI"), which declared bankruptcy in 2003. One of its assets was a breach of contract claim that had been pending in the Eastern District of New York since 1991 (the "EDNY action"). In December 2003, just days before that action was to be dismissed for RICI's failure to obtain counsel, the Bankruptcy Court appointed Patrick Tobia under 11 U.S.C. § 367 to serve as special litigation counsel to the trustee for the sole purpose of prosecuting that action. Tobia also represented certain secured creditors in the RICI bankruptcy. At a hearing on December 10, 2003, the trustee argued that this joint representation gave rise to no actual or potential conflict of interest because all creditors had an identity of interest in maximizing recovery in the EDNY action. The Bankruptcy Court agreed, and approved Tobia's retention. Richardson did not appeal.

In March 2004, Tobia reached an agreement in principle to settle the EDNY action for $75,000.[1] In September 2004, the trustee filed a motion with the Bankruptcy Court to

---

[1] In his briefs, Richardson repeatedly emphasizes the disparity between this $75,000 settlement and RICI's alleged $1,421,000 injury. Before the settlement, however, RICI already had been awarded and paid $800,000, so it appears that only approximately $600,000 remained in dispute. As explained below, the reasonableness of this settlement is not before the Court.

approve the settlement under Bankruptcy Rule 9019(a). Richardson objected, and filed a cross-motion to disqualify Tobia and replace him with "independent" special counsel. Richardson argued that the settlement amount was unreasonably low and that Tobia was operating under a conflict of interest because entering into the settlement was in the interests of Tobia's secured-creditor clients but not in the interests of the creditors as a whole. On November 1, 2004, the Bankruptcy Court heard argument, announced its intention to approve the settlement, and deemed Richardson's motion moot. The court entered a summary order that same day denying Richardson's motion. Richardson appealed that order to the District Court, which dismissed the appeal because Richardson's brief was untimely. This Court reversed, see In re Richardson Indus. Contractors, Inc., 189 Fed. Appx. 93 (3d Cir. 2006), and the District Court subsequently entered the orders at issue here affirming the Bankruptcy Court (April 2, 2007) and declining to reconsider that ruling (May 4, 2007).

In the interim, on January 5, 2005, the Bankruptcy Court entered an order finally approving the settlement in the EDNY action, and that action was later settled. Richardson sought to appeal the settlement approval, but the District Court dismissed his appeal as untimely and this Court ultimately affirmed. See In re Richardson Indus. Contractors, Inc., 190 Fed. Appx. 128 (3d Cir. 2006). The Bankruptcy Court authorized Tobia to distribute the settlement proceeds in November 2005, then entered the final bankruptcy decree in June 2006. Richardson did not seek or obtain a stay of the Bankruptcy Court's approval of the settlement or the distribution of its proceeds.

Richardson also did not appeal the Bankruptcy Court's authorization of that distribution, and has not appealed from the final decree.

## II.

Richardson's appeal suffers from a threshold deficiency, which becomes apparent when we clarify the issue actually before this Court. Richardson devotes the majority of his briefs to attacking the reasonableness of the EDNY settlement. The Bankruptcy Court's approval of that settlement, however, is not before us, and Richardson lost the right to challenge it by failing to file a timely appeal. Instead, the only issue before us is whether the Bankruptcy Court properly denied Richardson's motion to disqualify Tobia and appoint different special counsel to prosecute (rather than settle for $75,000) the EDNY action. Any relief on this issue, however, would effectively invalidate the approval of the settlement, which Richardson has forfeited the right to challenge. Moreover, the settlement has been accomplished, its proceeds have been distributed, and the RICI bankruptcy has been closed, none of which Richardson sought to appeal or stay. Under these circumstances, this appeal is now moot. See In re Highway Truck Drivers & Helpers Local Union # 107, 888 F.2d 293, 297 (3d Cir. 1989); In re Cantwell, 639 F.2d 1050, 1053-54 (3d Cir. 1981). Accordingly, this appeal will be dismissed.[2]

---

[2]Although we do not reach the merits of this appeal, we note that Richardson's position appears to lack merit. The Bankruptcy Court was authorized to disqualify Tobia only if his concurrent representation of RICI and certain secured creditors gave rise to an actual or potential conflict of interest. See 11 U.S.C. § 327(c); In re Marvel Entm't Group, Inc., 140 F.3d 463, 476-77 (3d Cir. 1998). We would review the Bankruptcy Court's decision for abuse of discretion. See In re Pillowtex, 304 F.3d at 250; In re Marvel, 140 F.3d at 470. Our review of the record reveals nothing suggesting that the

Bankruptcy Court abused its discretion here. Richardson argues that Tobia's settlement of the EDNY action reveals a conflict because it had the effect of securing a recovery for his secured-creditor clients sooner than they otherwise would have gotten it and left Richardson, an unsecured creditor, with no recovery at all. But Richardson has never presented any evidence that Tobia's recommendation of the settlement was motivated by anything other than his assessment of its merits. Indeed, as one of Tobia's secured-creditor clients notes, the secured creditors' claims were far from satisfied in this bankruptcy, and they too, just like Richardson, would have preferred a greater recovery. The mere fact that the settlement netted insufficient proceeds to provide for any recovery by the unsecured creditors would not establish a conflict of interest, because the settlement appears to have netted insufficient proceeds to satisfy the claims of Tobia's secured-creditor clients as well.