NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4039
_____

In re: Equivest ST. Thomas, Inc., Debtor


JAMES C. DEITRICH,
                              *Appellant*
                    v.

WYNDHAM WORLDWIDE CORP; EQUIVEST ST. THOMAS, INC.


_____

On Appeal from the United States District Court
of the Virgin Islands
(District Court No. 3-10-cv-00018)
District Judge:  Hon. Juan R. Sanchez
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 23, 2013
_____

BEFORE:  McKEE, *Chief Judge*, SCIRICA and VANASKIE, *Circuit Judges*

(Filed:  October 1, 2013)
_____

OPINION
_____

McKEE, *Chief Judge*

James Deitrich appeals an order of the District Court dismissing his complaint

with prejudice for failure to prosecute. As explained below, we will affirm substantially

for the reasons provided by the District Court.

## I.[1]

Because we write primarily for the parties who are familiar with this case, we need

not recite the factual or essential facts.

The Bankruptcy Court entered an order dismissing, with prejudice, Deitrich's

adversary proceeding against Wyndham Worldwide Corp. ("Wyndham") and Equivest

St. Thomas, Inc. ("Equivest"). In a well-reasoned opinion dated September 30, 2011, the

Honorable Juan R. Sanchez, sitting by designation, thoroughly explained why Deitrich's

appeal from the Bankruptcy Court's order should be dismissed in a thorough and well

reasoned opinion. Nevertheless, this timely appeal followed.[2]

---

[1] The District Court had jurisdiction to consider the appeal from the order of the Bankruptcy Court under 28 U.S.C. § 158(a)(1). We have jurisdiction under 28 U.S.C. § 158(d)(1). Because the District Court below sat as an appellate court, we conduct "the same review of the Bankruptcy Court's order as did the District Court." *In re Nortel Networks, Inc.*, 669 F.3d 128, 136-37 n.8 (3d Cir. 2011) (citation omitted). We thus exercise plenary review over both Courts' legal conclusions, and evaluate factual findings for clear error. *See id.* at 136-37.

[2] Deitrich's brief fails to address the District Court's opinion and order dismissing his appeal and instead raises ancillary issues that are without merit. *See* Brief of Appellant at 4 ("Whether procuring Bankruptcy Court jurisdiction by fraud and trickery of a pro [s]e litigant would make [the] judgment obtained void? Whether [the] case again[st] Wyndham Worldwide could have proceeded while the bankruptcy proceeding involving Equivest St. Thomas continued?"). Therefore, under Fed. R. App. P. 28(a) and L.A.R. 28.1(a), he waives his opportunity to present arguments challenging the District Court's decision. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993).

1

Federal Rule of Bankruptcy Procedure 8001(a)[3] permits the dismissal of a bankruptcy appeal for failure to prosecute or otherwise follow procedures. *See In re Harris*, 464 F.3d 263, 269-70 (2d Cir. 2006); *In re Richardson Indus. Contractors, Inc.*, 189 Fed. App'x. 93, 96 (3d Cir. 2006); *In re Olick*, 466 B.R. 680, 695 (E.D. Pa. 2011). The factors we set-forth in *Poulis v. State Farm Fire & Casualty Company* inform the court's inquiry by directing the court to: "(1) the extent of the *party's* personal responsibility; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense." 747 F.2d 863, 868 (3d Cir. 1984); *see also In re Richardson*, 189 Fed. App'x at 96. "[N]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint. Instead, the decision must be made in the context of the district court's extended contact with the litigant." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

As Judge Sanchez explained, Deitrich was personally responsible for his failure to prosecute to the extent he was aware that, after his notice of appeal was filed, approximately 10-months passed before he filed his opening brief. Wyndham and

---

[3] "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a).

Equivest were prejudiced because Deitrich's inaction caused delay, and forced them to file numerous motions in order to make the case proceed. Deitrich had a history of dilatoriness because he ignored numerous court-ordered deadlines. His failure to comply with judicial orders on multiple occasions also showed bad faith. His failure to satisfy the Bankruptcy Court's monetary sanction indicated that sanctions aside from dismissal would have been ineffective. Lastly, although the merits of the case may have been unclear because of Deitrich's conduct, or lack thereof, all other factors established that the dismissal for failure to prosecute was appropriate.

As we have previously explained, district court judges, "confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint with prejudice. The present case exemplifies the very kind of situation that warrants dismissal." *See Mindek*, 964 F.2d at 1373.

## II.

Accordingly, we will affirm the District Court's order granting Wyndham and Equivest's motion to dismiss Deitrich's appeal with prejudice.