**QUALITY PREFABRICATION, INC., Appellant,**

v.

**DANIEL J. KEATING COMPANY and Daniel J. Keating Company as Agent in fact for Keating Saudi Arabia, Ltd.**

**Keating Saudi Arabia, Ltd.**

**No. 81–2567.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) March 16, 1982.

Decided March 30, 1982.

Kenneth R. Gross, Benson Zion & Associates, Haverford, Pa., for appellant.

F. Warren Jacoby, Stanley B. Edelstein, Jacoby, Donner & Jacoby, Philadelphia, Pa., for appellees.

Before ALDISERT, VAN DUSEN, and GARTH, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

Quality Prefabrication, Inc., plaintiff in the district court, appeals from the court's

refusal to reconsider an order entered pursuant to Fed.R.Civ.P. 37, which dismissed its complaint with prejudice as a sanction for Quality's failure to provide discovery. Finding no abuse of discretion, we affirm the judgment of the district court. In order to facilitate appellate review of similar decisions in the future, however, we will exercise our supervisory power to require a district court dismissing a complaint with prejudice as a Rule 37 sanction to articulate on the record the reasons for its decision.

## I.

We need only briefly summarize the facts. Quality filed suit against appellees Daniel J. Keating Company (Keating) and Keating Saudi Arabia, Ltd. (KSA) on July 9, 1980, seeking approximately $80,000 in damages for breach of contract. The defendants answered and counterclaimed, and the parties undertook discovery.

A dispute apparently arose over whether KSA was properly designated in the complaint as a domestic corporation. Quality filed a motion for leave to amend accompanied by a proposed amended complaint on December 18, 1980, and on the same day requested that Keating produce certain documents. Keating responded that it had previously provided all documents in its possession and that an investigation of KSA's files would be made "upon its joinder." Keating also asserted that Quality had failed to respond to an earlier request for production and threatened to move for sanctions unless Quality complied within two weeks.

On January 13, 1981, the court granted leave to amend and the clerk filed the amended complaint. Quality avers, and appellees do not disagree, that the clerk inadvertently failed to notify the parties of this action for approximately 60 days.

On February 27, Keating moved for an order requiring Quality to produce. Quality did not answer Keating's motion. On March 24, 1981, the district court ordered Quality to provide discovery within ten days. Keating filed a motion for sanctions on April 9, alleging that Quality had failed to comply with the order and asking that Quality be precluded from introducing evidence of its claim and that judgment be entered dismissing the complaint. Quality responded to this motion on April 21.

The district court granted Keating's motion on April 27, 1981, and entered a judgment of dismissal.[1] Quality filed a timely motion for "reconsideration" pursuant to Fed.R.Civ.P. 59, 60, and E.D.Pa.R. 20(g).[2] Keating answered on May 20, and the court denied the motion by order on August 10, 1981. The district court stated no reasons for its decisions of April 27 and August 10, granting Keating's motion for dismissal and denying Quality's motion for reconsideration.

## II.

A timely appeal from an order denying a Rule 59 motion to alter or amend brings up the underlying judgment for review. See Fed.R.App.P. 4(a)(4). Appellees' motion for sanctions and appellant's motion for reconsideration both invoke the discretion of the district court, see *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam); *Ross v. Meagan*, 638 F.2d 646, 648 (3rd Cir. 1981) (per curiam), and we will not reverse unless that court has abused its discretion.

1. Keating's motion cited Fed.R.Civ.P. 37(b). The district court apparently relied on Rules 37(b)(2)(B) and (C), which authorize as sanctions for failure to comply with orders compelling discovery "(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence; [and] (C) An order ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." The court's order of April 27 in paragraph 1 barred the introduction of evidence of the terms of the contract, and in paragraph 2 dismissed the complaint.

2. Rule 20(g) provides: "Motions for reconsideration or reargument shall be served within ten (10) days after the entry of the judgment, order, or decree concerned."

### III.

Quality asserts essentially two grounds for reversal. It argues that the district court abused its discretion in dismissing the complaint because the record does not show sufficient evidence of bad faith or wilful misconduct to justify dismissal under the teachings of *National Hockey League* and *Societe Internationale v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). It contends also that the parties had agreed to defer discovery pending KSA's joinder, and therefore that it should not be penalized for failure to provide discovery during the two months in which the clerk of court failed to notify the parties that the court had granted leave to amend the complaint.[3] Appellant presented each of these arguments to the district court in its motion for reconsideration and accompanying memorandum of law.

Appellant's contentions and appellees' response present a number of factual disputes whose resolution by the district court must have influenced its exercise of discretion. Appellant argues that its failure to produce requested documents was neither wilful misconduct nor in bad faith, and that it endeavored in good faith to comply with the court's order compelling production. It avers also that counsel for both sides agreed on October 28, 1980, to defer further discovery until leave was granted to file an amended complaint. Appellees have stren-uously denied the existence of any such agreement, both before the district court and on appeal, and they deny generally the other allegations. Both sides have presented elaborate and persuasive factual arguments, and on the record and the briefs we cannot say that inferences supporting either party would be unreasonable.

■ It is not the function of a court of appeals to draw factual inferences, however, but only to review the evidence of record to determine whether the inferences drawn by the trial court are clearly erroneous. *See Universal Minerals, Inc. v. C. A. Hughes & Co.*, 669 F.2d 98 (3rd Cir. 1981). In this case, for example, the district court failed to articulate on the record its reasons for dismissing the complaint or for denying reconsideration, and this requires us to speculate as to what facts formed the predicate of its decision.

We have recognized that it is possible for a district court to undertake an analytical examination of a discretionary question even when "that analysis itself is not on the record." *Sparks v. Hershey*, 661 F.2d 30, 33 (3rd Cir. 1981) (per curiam). We also have noted, however, that our review is facilitated when a trial judge "clearly and succinctly expresse[s] the bases for his decision" of a discretionary issue.[4] *United States v. Criden*, 648 F.2d 814, 818 (3rd Cir. 1981). Moreover,

---

3. Quality argues also that the court should have granted relief from judgment under Rule 60(b) because its default resulted in part from the "excusable neglect" of counsel. We reject this argument outright. Counsel for appellant cites as excusable neglect his failure to respond to appellee's motion to compel production under the mistaken belief that the motion would be heard unopposed. He apparently assumed that federal motions practice in the Eastern District of Pennsylvania would be similar to Common Pleas Court practice under the Civil Rules of Montgomery County. His mistake was fundamental. Opportunity to respond and be heard in opposition is a principle generally underlying the structure of federal motions practice, and Eastern District Rule 20 specifically provides that any party opposing a motion "*shall* file a brief in opposition, . . ." within ten days after service of the motion. (Emphasis added.) We need not decide today that a failure to understand or observe the rules of court is *per se* inexcusable neglect, because in this case the district court did not abuse its discretion in denying the motion on this ground. *Cf. Kirby v. United States Government*, 675 F.2d 60, 62 n.3 (3d Cir. 1982) (discretionary sanctions against counsel for failure to comply with local rules); *Kushner v. Winterthur Swiss Insurance Co.*, 620 F.2d 404, 409 (3rd Cir. 1980) (same).

4. *See, e.g.*, the careful and comprehensive memorandum written by our colleague A. Leon Higginbotham, Jr., then a district judge, in *In re Professional Hockey Antitrust Litigation*, 63 F.R.D. 641 (E.D.Pa.1974), *rev'd*, 531 F.2d 1188 (3rd Cir.), *rev'd*, *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam).

until or unless guiding rules have become fixed, it is important that the exercise of discretion be accompanied by the trial court's articulation of the factors considered and the weight accorded to them . . . . Superficially, it might appear that such an articulation would encourage appellate revision while an unarticulated decision might evade review. In fact, however, articulation of the reasons for the decision tends to provide a firm base for an appellate judgment that discretion was soundly exercised. It confines review of the exercise of discretion to its appropriate scope—*i.e.*, whether the relevant factors were considered and given appropriate weight—and discourages reversal on the ground that the appellate judges might have decided differently had they been the original decisionmakers.

*Id.* at 819. When, as here, an exercise of discretion is necessarily grounded on the court's resolution of a congeries of convoluted factual issues, articulation of the basis for the action would surely facilitate an appellate judgment that discretion was soundly exercised. The lower court's statement would focus and provide a framework for appellate review of its findings in the context of the clearly erroneous standard, and it would enable the reviewing court to determine whether the relevant factors were considered and assigned appropriate weight in making the decision.[5]

■ Rule 37 does not permit dismissal when a "failure to comply has been due to inability, and not to willfulness, bad faith, or any fault" of the non-complying party. *National Hockey League*, 427 U.S. at 640, 96 S.Ct. at 2779 (quoting *Societe Internationale*, 357 U.S. at 212, 78 S.Ct. at 1095). Appellees argue that appellant's conduct was at least "culpable" and thus encompassed within the "any fault" language of *National Hockey League*. We see no such finding or legal conclusion in the district court's record. *Cf. Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1067 (2nd Cir. 1979) (any fault "must at least cover gross negligence of the type presented in this case").

*National Hockey League* and *Societe Internationale* provide valuable guidance to the factors relevant to decision of a Rule 37 motion to dismiss, and opinions of the lower federal courts have helped to map more precisely the proper pathways. We cannot say, however, that the "guiding rules have been fixed" by a comprehensive body of caselaw, *United States v. Criden*, 648 F.2d at 819; and this court has not yet had occasion to interpret the "any fault" language of the Supreme Court decisions. The common law tradition is one of gradual accretion, building principles on series of rules tied to definite and detailed sets of facts. *See Romeo v. Youngberg*, 644 F.2d 147, 182 (3rd Cir. 1980) (in banc) (Aldisert, J., concurring), *cert. granted*, 451 U.S. 982, 101 S.Ct. 2313, 68 L.Ed.2d 838 (1981). Rules similarly may develop out of the accumulated experience of the courts in series of similar cases initially committed to discretion. An opinion of the district court in this type of case would contribute to the ever-accumulating body of judicial wisdom that represents the common-law overlay of Rule 37. It also would set forth the definite and detailed statement of facts that is needed to decide whether, as appellees contend, Quality was at "fault" within the meaning of the Supreme Court decisions.

■ We cannot find, however, that the district court abused its discretion in this case. The court was familiar with the parties and the litigation and apparently gave

---

**5.** *See* Rosenberg, *Judicial Discretion of the Trial Court, Viewed from Above*, 22 Syracuse L.Rev. 635, 665–66 (1971):

To play fair, a trial judge relying upon discretionary power should place on record the circumstances and factors that were crucial to his determination. He should spell out his reasons as well as he can so that counsel and the reviewing court will know and be in a position to evaluate the soundness of his decision. If the appellate court concludes that he considered inappropriate factors or that the range of his discretionary authority should be partially fenced by legal bounds, it will be in a position to do this intelligently.

due consideration to the opposing contentions. We have previously noted that the court could reasonably have resolved all disputed factual questions in favor of Keating and KSA.

We have given this matter particular attention nonetheless, because the district court imposed the ultimate sanction, dismissal with prejudice. The reasons for desiring some articulation of the bases for decision have special importance in this context. When such a severe sanction is imposed, values of consistency and predictability, reviewability, and deterrence, *see United States v. Criden*, 648 F.2d at 818; *National Hockey League*, 427 U.S. at 643, 96 S.Ct. at 2781, outweigh the values of economy and efficiency that may be promoted by allowing inarticulate decisions.[6]

Therefore, exercising our supervisory authority over the district courts in this judicial circuit, we hold that in the future a dismissal of a complaint with prejudice as a Rule 37 sanction must be accompanied by some articulation on the record of the court's resolution of the factual, legal, and discretionary issues presented. We will not set aside the judgment of the district court in this case, however, because we recognize that our approach to this problem represents a new view in this judicial circuit. We cannot fault the district court for not following a special procedure that heretofore was not required. Thus, as in *Domeracki v. Humble Oil & Refining Co.*, 443 F.2d 1245, 1252 (3rd Cir. 1971), we will require only prospective application of the rule we announce today.

### IV.

The judgment of the district court will be affirmed.

Each side to pay its own costs.

---

**6.** We have previously required the district courts to articulate their grounds for decision in a number of discretionary areas. *E.g., Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3rd Cir. 1975) (entry of final judgment under Fed.R.Civ.P. 54(b)); *Bryan v. Pittsburgh Plate Glass Co.*, 494 F.2d 799, 804 (3rd Cir.), *cert. denied*, 419 U.S. 900, 95 S.Ct. 184, 42 L.Ed.2d 146 (1974) (approval of class action settlement); *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3rd Cir. 1973) (venue transfer under 28 U.S.C. § 1404(a) where "the evidence and arguments ... [are] in doubt").