**In the Matter of James W. MacMEEKIN, Barbara A. MacMeekin, Debtors.**

**Lois BURNS, Frederick Kuckuck, and Stelmir & Co., Appellants,**

v.

**James W. MacMEEKIN.**

No. 82–5815.

United States Court of Appeals, Third Circuit.

Argued Sept. 13, 1983.

Decided Nov. 3, 1983.

Henry S. Gordon (Argued), Morristown, N.J., for appellants.

David A. Ast (Argued), Wahl, Fox & Ast, Morristown, N.J., for appellee.

Before WEIS, HIGGINBOTHAM and SLOVITER, Circuit Judges.

## MEMORANDUM OPINION

WEIS, Circuit Judge.

Defendant James MacMeekin filed for relief under Chapter 7 of the Bankruptcy Code in May 1981. In August of that year plaintiffs filed a complaint with the bankruptcy court seeking to bar the discharge of a debt owed to them by defendant. They alleged that they had been induced to invest money with defendant by his fraudulent misrepresentations and that he had embezzled funds. The bankruptcy court dismissed the plaintiffs' complaint as a sanction for their failure to seasonably answer interrogatories. On appeal to the district court, the decision was affirmed. We remand.

The interrogatories in question were served on plaintiffs in early October 1981. Later that month, plaintiffs filed a motion to amend their complaint and also served notice of taking the defendant's deposition. The bankruptcy judge heard arguments on the motion to amend on November 9, 1981 but reserved ruling on the issue.[1] By agreement, the defendant's deposition was deferred until the court ruled on the plaintiffs' proposed amendment.

Meanwhile, the defendant's interrogatories went unanswered. In response to inquiries from the defendant's lawyer and his motion to either compel compliance or order

dismissal, plaintiffs submitted apparently incomplete answers on December 16, 1981. Defendant then renewed his motion, and on December 28, 1981 the bankruptcy judge held a hearing on the defendant's objections. The court granted plaintiffs' counsel until January 11, 1982 to supplement the answers. This deadline was later extended so he could file a motion to compel the production of certain records.

The position of the plaintiffs' lawyer was that certain books and records were necessary to adequately answer the interrogatories.. He believed that these records were in the possession of Myron Lehman, Esquire, who had formerly been counsel for the defendant's partnership. Lehman had refused to surrender the documents he possessed without a court order.

The bankruptcy judge held a hearing on the matter on January 25, 1982, and signed an order on February 9, 1982, directing that Lehman turn over the records. Plaintiffs were allowed fourteen days from the date of the order to answer the interrogatories.

Lehman produced the documents in his possession, but they were not the accounting books and records that the plaintiffs' lawyer had expected. Plaintiffs' counsel then attempted to contact accountants who might have knowledge of the pertinent facts. He also furnished some supplemental information to defendant without the benefit of the sought-after books and records.

On April 21, 1982 the bankruptcy judge heard the defendant's motion seeking sanctions because the interrogatories had yet to be fully answered. The defendant's affidavit in support of that motion stated that "numerous interrogatories could have been answered without the necessity of the books and records of the limited partnership." The court granted the defendant's request to dismiss the complaint.

In his oral findings, the bankruptcy judge stated there had been "undue delay of such a nature which constitutes inexcusable ne-

---

1. According to the district court's recitation of the facts, the motion to amend was never ruled on by the bankruptcy court, that issue "apparently having been mooted by [the] dismissal."

glect." He also rebuked plaintiffs' counsel saying, "[T]he best example of the cavalier attitude you take is you come in Court and you say we have the certification but it's not here, it's in the office. [T]he least you could have done was bring it here today." The plaintiffs' lawyer, however, insists that since the certification had been filed with the bankruptcy clerk, the originals were available to the court for examination.

On motion for rehearing, the bankruptcy judge reaffirmed his ruling stating that "there was conscious failure to comply" with discovery. The district court found on appeal that there had been no abuse of discretion by the bankruptcy judge and affirmed the order.

Fed.R.Civ.P. 37 authorizes a court to impose a variety of sanctions for failure to obey discovery orders and is applicable in bankruptcy proceedings that determine the dischargeability of a debt. *See* Bankr.Rules 701(7), 737 (published at 411 U.S. 989, 93 S.Ct. 3100, 37 L.Ed.2d XXXIII). *See also Visioneering Construction and Development Co. v. United States Fidelity & Guaranty,* 661 F.2d 119, 123 (9th Cir.1981); Bankr. Rules 4007(e), 7001(6), 7037 (effective August 1, 1983). Among the Rule 37 sanctions that a court may employ are: striking out pleadings, dismissing the action in whole or in part, and entering a default judgment against the disobedient party. Other possible penalties include refusing to allow the offending party to support designated claims and requiring the recalcitrant party or his lawyer to pay reasonable expenses including attorney's fees incurred because of the dereliction.

The Supreme Court has addressed the sanction of dismissal authorized by Rule 37 in two cases. In *Societe Internationale v. Rogers,* 357 U.S. 197, 209, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958), the Court noted that "there are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his

cause." In view of this restraint and the circumstances presented in that case, the Court reversed an order dismissing the party's complaint for failure to provide documents. The court stated that dismissal was not justified under Rule 37 when the party's "failure to comply has been due to inability, and not to wilfulness, bad faith, or any fault of petitioner." 357 U.S. at 212, 78 S.Ct. at 1096. *See also Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites De Guinea,* 456 U.S. 694, 705–709, 102 S.Ct. 2099, 2106–08, 72 L.Ed.2d 492 (1982) (jurisdiction based on facts deemed established as discovery sanction does not violate due process).

In a later decision, however, the Court agreed with the then District Judge Higginbotham, that dismissal was an appropriate discovery sanction where plaintiff failed to respond to written interrogatories as ordered by the trial court. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam). Judge Higginbotham described counsel's conduct in that case as demonstrating "callous disregard of responsibilities counsel owe to the Court and to their opponents. The practices of the plaintiffs exemplify flagrant bad faith .... If the sanction of dismissal is not warranted by the circumstances of this case, then the Court can envisage no set of facts whereby that sanctions should ever be applied." 427 U.S. at 640–41, 96 S.Ct. at 2780 (*quoting* 63 F.R.D. 641, 656 (1974)). *See also Al Barnett & Son, Inc. v. Outboard Marine Corp.,* 611 F.2d 32, 35–36 (3d Cir.1979).

In *Quality Prefabrication, Inc. v. Daniel J. Keating Co.,* 675 F.2d 77, 81 (3d Cir.1982), we acknowledged that dismissal with prejudice is the ultimate sanction for failure to comply with discovery orders. That being so, we exercised our supervisory authority to require that a Rule 37 dismissal "be accompanied by some articulation on the record of the court's resolution of the factual, legal and discretionary issues presented." *Id.*[2] Armed with an explanation of the

---

**2.** The rule announced in *Quality Prefabrication* was to have only prospective application. 675

F.2d at 81. Since that case was decided on March 30, 1982 and the order in this case was

basis for the trial judge's action, the reviewing court is able to "determine whether the relevant factors were considered and assigned appropriate weight in making the decision." *Id.* at 80.

Although the bankruptcy judge did describe counsel's conduct as delay which constitutes "inexcusable neglect," and as a "conscious failure to comply" with discovery, these references do not adequately comply with our requirement that the court set forth the rationale underlying its decision to dismiss the action. Moreover, our review of the case at hand has been hampered by a lack of factual findings and our recitation of the background facts was determined to a considerable extent by culling a series of affidavits submitted by counsel in the bankruptcy court.

We do not consider the bankruptcy court's limited findings a satisfactory basis for us to evaluate the propriety of its order. We are left to speculate whether counsel's delay in answering the interrogatories was caused by the press of other cases, unforeseen difficulty in securing the information, deliberate flouting of the rules, or simply ineptitude.

Even more fundamental, however, is the lack of any articulation by the bankruptcy judge of his consideration and rejection of a less severe remedy. The brunt of the order falls on plaintiffs, who have been deprived of the opportunity to litigate their case on the merits, when the only culpable party may well be their attorney. Of course, we are aware of the well settled law holding that the client is bound by the actions of his attorney. *See Titus v. Mercedes Benz of North America,* 695 F.2d 746, 750 n. 9 (3d Cir.1982) (opinion announcing judgment of court); *Titus,* 695 F.2d at 757 n. 4 (Garth, J., dissenting). Nevertheless, courts have tended to impose sanctions on the attorney when his delinquencies have been the cause of delay and the client is not personally guilty of any lack of diligence.

On the scant record before us, the responsibility for the tardy pace in answering the interrogatories appears to be that of the lawyer, not the clients. If that is so, one would expect the first sanction considered to be an order that the plaintiffs' lawyer personally pay the expenses incurred by defendant, including counsel fees. Indeed, defendant asked for both dismissal and counsel fees, but the bankruptcy judge declined to include an award of fees as an additional sanction. The bankruptcy judge, however, never expressed any opinion on whether that penalty should be imposed on counsel personally; nor did he determine whether both the lawyer and his clients were at fault.

In default judgment cases, we have commented on the desirability of allowing cases to proceed on the merits. Before dismissal is ordered, we have urged appraisal of less severe measures. *See Madesky v. Campbell,* 705 F.2d 703 (3d Cir.1983); *Gross v. Stereo Component Systems, Inc.,* 700 F.2d 120 (3d Cir.1983); *Donnelly v. Johns-Manville Sales Corp.,* 677 F.2d 339 (3d Cir.1982). The same considerations are applicable in this case.

We should not be understood as condoning a delay such as occurred in this case; nor do we fault the bankruptcy judge for his decision to impose sanctions. The patience of the court was sorely tried and remedial action was necessary. Our quarrel is not with the imposition of sanctions per se, but with the unexplained choice of one that had its impact on possibly blameless clients.

The recent amendments to the Rules of Civil Procedure emphasize the obligation of trial judges to consider an award of expenses and attorney's fees when violations of the rules occur. *See* Rule 11 (pleadings); Rule 16(f) (pretrial); Rule 26(g) (discovery, certification of requests and objections), 51 U.S.L.W. 4501 (May 3, 1983). But the rules also allow the trial judge to look to the delinquent lawyer rather than the innocent client when infractions merit recompense to the adversary. *Id.*

Accordingly, because the record does not reflect sufficient articulation of the ration-

issued on April 28, 1982, the rule was binding on the bankruptcy judge.

ale underlying dismissal and a proper rejection of sanctions less severe than dismissal, we will remand for further consideration consistent with this opinion. Costs on this appeal shall be assessed against plaintiffs.