NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2478
_____

PATRICIA DEVINE, Appellant

v.

ST. LUKE'S HOSPITAL
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5-08-cv-04216)
District Judge: Honorable  Juan R. Sanchez
_____

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2011

Before:  RENDELL, AMBRO and FISHER, Circuit Judges.

(Opinion Filed: 10 January 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Plaintiff Patricia Devine appeals a district court order granting defendant St.

Luke's Hospital's motion for attorneys' fees and costs arising out of Devine's Title VII

claim.  For the reasons that follow, we will affirm.

## I.

We have jurisdiction over Devine's appeal under 28 U.S.C. § 1291. The District Court had jurisdiction over the case, which included a federal Title VII claim and related Pennsylvania Whistleblower Law claim, under 28 U.S.C. §§ 1331 and 1367.

On October 30, 2008, the District Court dismissed with prejudice Devine's Title VII claim and remanded her claim under the Whistleblower Law to state court. On March 26, 2009, the District Court issued a final order granting St. Luke's motion for attorneys' fees on Devine's Title VII claim. Devine moved for reconsideration and, on April 17, 2009, the District Court denied that motion. Devine filed a notice of appeal on May 13, 2009.

St. Luke's argues that we lack jurisdiction to consider the District Court's March 26, 2009 attorneys' fees order because Devine failed to file a notice of appeal within 30 days after that order, as required under Fed. R. App. P. 4(a)(1)(A). That argument fails because Devine's motion to reconsider tolled the time for Devine to appeal the March 26, 2009 order. Rule 4(a)(4)(A) provides that, "[i]f a party timely files in the district court" one of a list of motions that includes motions "to alter or amend the judgment under Rule 59" of the Federal Rules of Civil Procedure, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Although Devine's motion for reconsideration did not specifically invoke Rule 59, "[f]or purposes of Rule 4(a) of the Federal Rules of Appellate Procedure, we view a motion characterized only as a motion for reconsideration as the 'functional equivalent' of a [Federal Rule of Civil Procedure] Rule 59(e) motion to alter or amend a judgment." *Fed. Kemper Ins. v.*

*Rauscher*, 807 F.2d 345, 348 (3d Cir. 1987) (quoting *Venen v. Sweet*, 758 F.2d 117, 122 (3d Cir. 1985)). The 30-day period for Devine to appeal the District Court's March 26, 2009 order ran from the entry of the District Court's order denying her motion to reconsider (which occurred on April 17, 2009), and, thus Devine's May 13, 2009 notice of appeal was filed timely.

St. Luke's related argument, that Devine's notice was effective to appeal only the District Court's April 17, 2009 order, and not its underlying March 26, 2009 attorneys' fees order, also fails. "A timely appeal from a denial of a Rule 59 motion to alter or amend 'brings up the underlying judgment for review.'" *Rauscher*, 807 F.2d at 348 (quoting *Quality Prefabrication v. Daniel J. Keating Co.*, 675 F.2d 77, 78 (3d Cir. 1982)).[1]

## II.

Turning to the merits of Devine's appeal, we will affirm for substantially the reasons set forth in the District Court's March 26, 2009 order. A district court has discretion to award attorneys' fees to a prevailing defendant in a Title VII case "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978). In this case, the District Court found that Devine's Title VII claim was "frivolous, unreasonable, or without foundation" because she admittedly failed to exhaust her administrative remedies before bringing her claim.

---

[1] We have considered the remaining arguments in St. Luke's motion to dismiss. Because we find that they lack merit, we will deny St. Luke's motion to dismiss the appeal.

3

Before a plaintiff can bring a Title VII action, she must exhaust her administrative remedies, typically by filing a charge with the EEOC and receiving from the EEOC a notice of the right to sue. 42 U.S.C. § 2000e-5(e)(1); *Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). Failure to exhaust administrative remedies, while not a jurisdictional defect, is a ground to dismiss a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Anjelino v. New York Times Co.*, 200 F.3d 73, 87-88 (3d Cir. 2000). In this case, Devine admitted during the hearing on St. Luke's motion to dismiss that she had failed to exhaust her administrative remedies and agreed to voluntarily dismiss with prejudice her claim on that basis. Devine later protested, in the District Court and in this Court, that she had, in fact, filed a charge and received a right-to-sue notice, but, despite repeated opportunities to do so, she did not produce evidence of either alleged fact. The record on appeal contains a "Charge of Discrimination" form, App. 29, but no evidence (other than Devine's counsel's representations) indicates that this document actually was filed with the EEOC, and the EEOC's correspondence with counsel for St. Luke's affirmatively states that "no formal charge was filed" under the charge number Devine reported to the Court, App. 137. The record contains no evidence that Devine ever received a notice of the right to sue. Devine has neither offered any explanation for her failure timely to produce evidence of administrative exhaustion nor argued that we should somehow toll or excuse the administrative exhaustion requirement in her case.[2]

---

[2] Devine has filed a motion to expand the record on appeal to include a February 19, 2010 letter from the EEOC confirming receipt of Devine's charge, a document that

4

In light of these facts, the District Court did not abuse its discretion in concluding that Devine's Title VII claim lacked foundation or in awarding costs and attorneys' fees to St. Luke's.

**III.**

For the foregoing reasons, we will affirm the order of the District Court. We will deny both St. Luke's motion to dismiss the appeal and Devine's motion to expand the record on appeal.

---

purports to be a copy of the charge bearing an April 21, 2008 file stamp from the EEOC, and a March 3, 2010 letter concerning the charge to Devine's counsel from the Pennsylvania Human Relations Commission. The documents do not include a right-to-sue letter, and, significantly, they were not presented to the District Court. We conclude that Devine's case does not present the sort of "exceptional circumstances" that would justify supplementing the record on appeal, *see Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 226-27 (3d Cir. 2009), particularly because the key document is dated April 21, 2008, *before Devine's lawsuit was filed*, and Devine has not explained why that document was not or could not have been submitted to the District Court. Accordingly, we will deny Devine's motion to expand the record on appeal.