**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

13-4592
_____


MARDI HARRISON; DONALD BROWN,
                                             Appellants


v.

BERNARD J. COKER; SUZANNE M. COKER; LANDAU PROPERTIES LLC
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-08-cv-04307)
District Judge:  Honorable Stewart Dalzell

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 30, 2014

Before:  AMBRO, CHAGARES, and VANASKIE, Circuit Judges.

(Filed: October 14, 2014)
_____

OPINION
_____

CHAGARES, Circuit Judge.

Mardi Harrison and Donald Brown appeal the District Court's orders denying their

motion for summary judgment, dismissing their action against Bernard Coker, Suzanne

Coker, and Landau Properties LLC, and denying their motion to alter or amend those

orders.  For the reasons that follow, we will affirm the order denying summary judgment,

vacate and remand the order dismissing the action, and affirm in part and dismiss as moot in part the order denying the motion to alter or amend.

I.

We write exclusively for the parties and therefore set forth only those facts that are necessary to our disposition. Bernard Coker, through his company Landau Properties, used money from investors to purchase, renovate, and re-sell real estate properties. In or around May 2006, Harrison and Brown invested in six properties with Coker pursuant to written agreements. Harrison and Brown allege that they invested a total of $431,750. After the initial transactions, they allegedly were unable to get in touch with Coker. Eventually, Coker informed them "that his company, Landau Properties, LLC was in trouble, and Coker would have to look for alternate solutions to repay Harrison and Brown under the written agreements between the parties." Appendix ("App.") 8.

Coker later pleaded guilty to criminal fraud charges in the Bucks County Court of Common Pleas for his participation in these and other transactions. Pursuant to a court order, he is currently making restitution payments to Harrison and Brown.

In September 2008, Harrison and Brown filed an eight-count complaint against Coker, his wife Suzanne Coker, and Landau Properties in the Eastern District of Pennsylvania. They allege breach of fiduciary duty, breach of contract, negligence, fraudulent inducement, intentional misrepresentation, negligent misrepresentation, unjust enrichment, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Act ("UTPCPA"). They seek to accelerate the rate of Bernard Coker's

restitution payments.[1] In his answer, Bernard Coker conceded that he owes the plaintiffs a total of $251,750 in restitution payments.

In November 2008, the District Court stayed the action pending disposition of bankruptcy proceedings involving Bernard and Suzanne Coker in the Bankruptcy Court for the District of New Hampshire. After Coker was denied bankruptcy,[2] the District Court reinstated the case. In April 2011, the Clerk of Court entered a default judgment as to Landau Properties. In August 2011, in light of the conditions of Coker's parole, the District Court placed the case in civil suspense and ordered Coker to file quarterly reports updating the court regarding his ability to access the evidence required to defend his claims. In March 2012, when Coker informed the court that he had regained access to the records necessary to defend the action, the District Court set a discovery deadline and instructed the parties to file summary judgment motions.

The plaintiffs, through counsel, filed a motion for summary judgment, and Coker filed a pro se summary judgment motion. On March 21, 2013, the District Court denied both motions. The court also instructed the parties to inform it by April 12, 2013 how they wished to proceed with the action. On April 16, 2013, finding that the plaintiffs had failed to inform the court of how they wished to proceed, the District Court dismissed the case under Federal Rule of Procedure 41(b) for failure to comply with the court's order or otherwise actively prosecute the case.

---

[1] The plaintiffs argue that under the current rate of restitution payments, it will take approximately 204 years for Coker to reimburse them.
[2] Suzanne Coker was granted a discharge under 11 U.S.C. § 727.

The plaintiffs sought reversal of the court's denial of summary judgment and its dismissal through a motion to alter or amend under Federal Rule of Civil Procedure 59(e). The District Court denied that motion because it found that the plaintiffs failed to meet their burden. The plaintiffs timely filed a notice of appeal.[3]

## II.

The District Court had jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. The parties agree, as do we, that the plaintiffs' claims are governed by Pennsylvania law.

We exercise plenary review over the District Court's summary judgment ruling, applying the same standard employed by the District Court. Curley v. Klem, 298 F.3d 271, 276 (3d Cir. 2002). That is, we "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In doing so, "we view all evidence in the light most favorable to the non-moving party." Kurns v. A.W. Chesterton Inc., 620 F.3d 392, 395 (3d Cir. 2010).

We review a district court's dismissal order for abuse of discretion. Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). To determine whether the District Court

---

[3] The plaintiffs listed only the court's denial of their motion for reconsideration in the notice of appeal, but they make arguments in their briefs regarding the court's dismissal and its denial of their motion for summary judgment. We "can exercise jurisdiction over orders not specified in the Notice of Appeal if: (1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues." Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir. 2010). Because these factors are met, we exercise jurisdiction over all three orders.

4

abused its discretion, we evaluate its balancing of the factors enumerated in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984).

As for the District Court's denial of the Rule 59(e) motion to alter or amend, we review for abuse of discretion, see Jang v. Boston Scientific Scimed, Inc., 729 F.3d 357, 367 (3d Cir. 2013). A denial of a Rule 59(e) motion "brings up the underlying judgment for review." Quality Prefabrication, Inc. v. Daniel J. Keating Co., 675 F.2d 77, 78 (3d Cir. 1982).

III.

A.

The plaintiffs argue that the District Court erred in denying their summary judgment motion because Coker admitted that he owes them $251,750. The District Court denied the plaintiffs' motion because it found that they had: (1) taken no discovery during the discovery period; (2) failed to produce any evidence to demonstrate no genuine issue of material fact as to Bernard Coker's fraudulent conduct; and (3) made no effort to demonstrate the justifiable reliance necessary to sustain a UTPCPA claim.

We agree with the District Court that plaintiffs have not produced any evidence to demonstrate an absence of genuine issues of material fact with respect to any of their claims. Notably, the plaintiffs failed to provide the records from the state court criminal proceedings and bankruptcy proceedings against Coker, so there is no way to know whether common issues of fact were determined in those proceedings. Coker's admission to owing the plaintiffs money alone does not prove the plaintiffs' allegations

5

against him.  Accordingly, we will affirm the District Court's March 21, 2013 order denying the plaintiffs' motion for summary judgment.

B.

Plaintiffs also argue that the District Court erred in dismissing their case pursuant to Rule 41(b) because it failed to consider the Poulis factors.

In Poulis, we set forth six factors that district courts must consider before dismissing a complaint as a sanction under Rule 41(b).[4]  747 F.2d at 868.  These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868.[5]  "Although we have stated that not all of these factors need be met for a district court to find dismissal is warranted, we have always required consideration and balancing of all six of the factors."  United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 161 (3d Cir. 2003) (quotation marks omitted).

We have warned that a district court dismissing a case sua sponte "should use caution in doing so because it may not have acquired knowledge of the facts it needs to

---

[4] Under Rule 41(b), a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order.  Fed. R. Civ. P. 41(b).

[5] We note that Poulis involved dismissal of a suit with prejudice, whereas the District Court in this case expressly stated that it was dismissing the action without prejudice. See App. 85.  However, the statute of limitations has run for all of the plaintiffs' claims, and therefore the dismissal is effectively one with prejudice.  In such cases, consideration of the Poulis factors is required.  Cf. Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir. 2004).

make an informed decision." Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008). In such cases, a district court "should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders prior to dismissing a case sua sponte." Id. "[W[e will not hesitate to remand a case to the district court when the judge dismisses a case sua sponte without an indication that Poulis was considered." In re Asbestos Prods. Liab. Litig. (No. VI), 718 F.3d 236, 247 (3d Cir. 2013).

Here, the District Court did not consider or even mention the Poulis factors, nor did it give the plaintiffs an opportunity to explain their failure to comply with its order before dismissing their case sua sponte. Thus, we will vacate the District Court's April 26, 2013 order dismissing the case and remand to the District Court for consideration of the Poulis factors.

C.

Lastly, the plaintiffs assert that the District Court abused its discretion in denying their Rule 59(e) motion to alter or amend.

"A proper motion to alter or amend judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice." N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (quotation marks omitted). In their motion, the plaintiffs argued that reconsideration was necessary to prevent "manifest injustice" because the District Court overlooked the "evidence" they submitted in moving for summary judgment (specifically, Coker's admission to owing the plaintiffs $251,750 and their reference to

7

his bankruptcy proceedings). Finding that the plaintiffs had not met their burden, the District Court denied their Rule 59(e) motion.

We hold that the District Court did not abuse its discretion in denying the plaintiffs' motion. The plaintiffs have not shown that the District Court erred in denying summary judgment, let alone that "manifest injustice" occurred. Therefore, we will affirm the District Court's October 29, 2013 order denying reconsideration.[6]

IV.

For the foregoing reasons, we will affirm the District Court's order from March 21, 2013, and vacate and remand the order from April 26, 2013, and affirm in part and dismiss as moot in part the order from October 29, 2013.

---

[6] The plaintiffs' motion to alter or amend also addressed the District Court's dismissal order. Because we will vacate and remand that order, the plaintiffs' appeal of the motion to alter or amend that order is moot.