BLD-173                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3734
_____

UNITED STATES OF AMERICA

v.

BRENDA RICKARD,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 05-cr-00482 & D.C. Civ. No. 10-cv-04089)
District Judge:  Honorable Jose L. Linares
_____

Submitted for a Determination of Whether a Certificate of Appealability
is Necessary and for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 23, 2015

Before:  AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 1, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Brenda Rickard appeals the District Court's orders denying her motion to modify her sentence and her motion for reconsideration. Because the appeal fails to present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4 & I.O.P. 10.6.

Rickard, a federal prisoner, was convicted in 2007 in the United States District Court for the District of New Jersey of one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, and six counts of bank fraud in violation of 18 U.S.C. § 1344. She was sentenced to 121 months of imprisonment. On direct appeal, Rickard challenged, inter alia, her four-level sentencing enhancement for being a leader or an organizer; this Court affirmed the judgment of sentence. See United States v. Rickard, 336 F. App'x 235 (3d Cir. 2009). In 2010, Rickard filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255, alleging numerous ineffective assistance of counsel claims, including several related to the validity of her sentence. The District Court denied the motion and this Court declined to issue a certificate of appealability (COA).

In 2013, Rickard filed a motion for "Modification By Reduction in Sentence" in which she argued that the District Court erred in failing to impose a sentence below the guidelines. The Government filed a response in opposition, in which it also requested that the Court enter an order requiring Rickard to seek authorization "prior to filing any additional motions or letters in connections with this matter." The Court entered the

2

requested order, and subsequently entered an order denying Rickard's motion. A week later, Rickard filed a motion requesting authorization to respond to the Government's reply in opposition, which the District Court denied as moot. Rickard then filed a "Motion to Set Aside Decision," which the District Court construed as a motion for reconsideration pursuant to Fed. Rule Civ. P. 59(e). The motion was denied, and this appeal ensued.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Generally, we review a district court's denial of a Rule 60(b) motion for an abuse of discretion, but we review de novo whether Rickard's motion is more appropriately considered a second or successive § 2255 motion. Pridgen v. Shannon, 380 F.3d 721, 725 (3d Cir.2004). We review a district court's ruling on a Rule 59(e) motion for an abuse of discretion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir.2010). A denial of a Rule 59(e) motion to alter or amend "brings up the underlying judgment for review." Quality Prefabrication, Inc. v. Daniel J. Keating Co., 675 F.2d 77, 78 (3d Cir.1982).

Rickard predicates her motion to modify her sentence on both Fed. R. Civ. P. 60(b)(5) and 18 U.S.C. § 3582(c). We agree with the Government that the motion is actually a successive § 2255 motion. Citing Horne v. Flores, 557 U.S. 433, 447 (2009), Rickard argues that she is entitled to relief under Rule 60(b)(5) because there has been "a significant change either in factual conditions or in law." However, the cases on which Rickard relies are not new, nor does she cite to any new facts in support. Because she does not attack the manner of a prior proceeding but rather the underlying sentence,

3

success on her claim would result in her sentence being vacated. Such a claim must be brought in a § 2255 proceeding. See Pridgen, 380 F.3d at 727; see also United States v. Carter, 500 F.3d 486, 490 (6th Cir.2007) ("when a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion."). Rickard had not obtained prior authorization to file the motion and, therefore, the District Court lacked subject matter jurisdiction to entertain it. See 28 U.S.C. § 2255(h); Pridgen, 380 F.3d at 725. Because reasonable jurists would not find it debatable that Rickard's motion is an unauthorized second or successive motion to vacate her sentence, we decline to issue a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).[1]

Accordingly, because no "substantial question" is presented as to the disposition of the motion, we will summarily affirm the judgment of the District Court. See 3d Cir.

---

[1] The District Court did not set forth its reasoning in denying the motion to reduce Rickard's sentence, except to note that it had considered it as well as the Government's opposition thereto. Because remand to the District Court to require entry of a conforming judgment would serve no practical purpose, we assume that the District Court intended to dismiss the petition rather than deny it.

4

LAR 27.4; 3d Cir. I.O.P. 10.6.[2]    Finding no basis to alter or amend the judgment, we

will also affirm the District Court's denial of Rickard's motion for reconsideration.[3]

---

[2]  We note that, on remand, there is no need for the District Court to transfer the motion to this Court to be treated as an application for leave to file a second or successive § 2255 motion, see Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), because such an application would be meritless.  The motion neither relies on a new rule of constitutional law nor newly discovered evidence of Rickard's innocence.  See 28 U.S.C. § 2255(h).

[3] In her motion for reconsideration, Rickard argued that the District Court erred in ruling on her motion without first allowing her the opportunity to respond to the government's response in opposition.  As the District Court noted, Rickard failed to provide any basis for discounting the Government's arguments in its reply.  Moreover, because we conclude that the District Court lacked jurisdiction to entertain the motion, any error in failing to provide Rickard the opportunity to respond was harmless.