**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2211
_____

DENARD TRAPP,
                    Appellant

v.

AMS SERVICING LLC;
GDBT I TRUST 2011-1
_____

On Appeal from the United States District Court
for the District of New Jersey
(D. N.J. No. 3-14-cv-02746)
District Judge:  Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2015
Before:  AMBRO, VANASKIE and SLOVITER, Circuit Judges

(Filed: September 22, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Denard C. Trapp, pro se, appeals the District Court's dismissal of his action to quiet title and the denial of his motion for reconsideration. We will affirm the judgment of the District Court.

GDBT I Trust held a mortgage interest on Trapp's property. Alleging that Trapp failed to make his mortgage payment, GDBT I Trust filed a foreclosure action in the Superior Court of New Jersey on April 5, 2013. On November 21, 2013, the New Jersey Superior Court granted GDBT I Trust's motion for summary judgment and transferred the matter to the Foreclosure Unit of the Clerk's Office of the Superior Court of New Jersey to proceed uncontested.

Six months later, on April 30, 2014, Trapp filed a complaint in the United States District Court for the District of New Jersey requesting that the District Court declare the defendants' mortgage invalid and quiet title in his favor. The Defendants—GDBT I Trust and its servicing agent—moved to dismiss. In response, Trapp filed an amended complaint that reiterated his claims, and he attached thereto a copy of a secondary mortgage, held by non-defendant Countrywide Home Loans, Inc., that he had paid in full. The Defendants renewed their motion to dismiss, arguing that, to the extent Trapp challenged Countrywide's secondary mortgage, he failed to join an indispensable party (i.e. Countrywide Home Loans, Inc.) and, moreover, that the District Court should abstain from producing a judgment contrary to the judgment of the Superior Court of New Jersey.

2

After a hearing on the defendants' motion to dismiss, the District Court dismissed Trapp's complaint ruling that Trapp's claims, if any, relating to the mortgage held by GDBT I Trust were barred by the Rooker-Feldman doctrine. Trapp filed a motion for reconsideration under Rule 59(e). He also filed an "addendum" to his complaint, seeking to add claims for perjury and making false declarations before a court under 18 U.S.C. §§ 1621 and 1623. The District Court denied Trapp's motion for reconsideration. Trapp timely appealed the denial of his motion for reconsideration.

We have jurisdiction pursuant to 28 U.S.C. § 1291. A timely appeal from an order denying a Rule 59(e) motion brings up the underlying judgment for review. See Quality Prefabrication, Inc. v. Daniel J. Keating Co., 675 F.2d 77, 78 (3d Cir. 1982). We exercise plenary review over a district court's decision to grant a Rule 12(b)(6) motion to dismiss. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). We review the District Court's denial of reconsideration for an abuse of discretion. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); Long v. Atlantic City Police Dep't, 670 F.3d 436, 446 (3d Cir. 2012), 670 F.3d at 446 (stating that "our review of the order denying reconsideration is subject to a more deferential and circumscribed standard of review than would apply if we also were to have jurisdiction to consider the underlying dismissal order"). "To demonstrate an abuse of discretion, [an appellant] must show that the District Court's decision was arbitrary, fanciful or clearly unreasonable." Hart v. Elec. Arts, Inc., 717 F.3d 141, 148 (3d Cir. 2013) (quoting Moyer v. United Dominion Indus., Inc., 473 F.3d 532, 542 (3d Cir. 2007)).

3

We agree with the District Court that the Rooker-Feldman doctrine bars Trapp's requests to invalidate the mortgage and quiet title in his favor. The Rooker-Feldman doctrine deprives federal district courts of jurisdiction "over suits that are essentially appeals from state-court judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010). The Rooker-Feldman doctrine applies when four requirements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Id. at 166 (alterations in original) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Trapp's claims satisfy these four requirements. GDBT I Trust sought to foreclose for non-payment of the mortgage, and the New Jersey Superior Court granted summary judgment in favor of GDBT I Trust and transferred the matter to the Office of Foreclosure to proceed uncontested. Thereafter, Trapp filed suit in the District Court, inviting it to invalidate the defendants' mortgage and quiet title in his favor. As the District Court concluded, it lacked jurisdiction to do so under Rooker-Feldman because the requested federal relief would necessarily imply that the Superior Court's decision was erroneous.

Nor did the District Court err in denying Trapp's motion for reconsideration. "[A] proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest unjustice." Lazaridis v. Wehmer, 591 F.3d 666,

4

669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurace Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Trapp's Rule 59(e) motion provided no such grounds, and the District Court did not abuse its discretion in denying the motion.

Accordingly, we will affirm the judgment of the District Court.