**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1529
_____

DONTAIE ANDERSON,
                                Appellant

v.

COMMONWEALTH OF PENNSYLVANIA;
LEHIGH COUNTRY COURT OF COMMON PLEAS;
JUDGE DOUGLAS G. REICHLEY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-20-cv-04424)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 21, 2022

Before:  KRAUSE, BIBAS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: September 21, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Dontaie Anderson appeals the District Court's dismissal of his complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We will affirm.

While awaiting trial on various firearms and traffic offense charges in the Court of Common Pleas for Lehigh County, Anderson was detained in the Lehigh County Jail beginning in 2019.[1] In September 2020, Anderson filed a complaint pursuant to 42 U.S.C. § 1983, naming the Commonwealth of Pennsylvania, the Lehigh County Court of Common Pleas, and Judge Douglas Reichley—who oversaw his criminal proceedings— as defendants. Anderson alleged that the judge violated his due process and equal protection rights by imposing monetary bail that Anderson could not afford and denied his right to the assistance of counsel by preventing him from filing pro se motions while represented by counsel. He also alleged that he is at high risk for contracting COVID-19 and that the protective measures taken by the jail were not only ineffective but amounted to unconstitutional punishment because detainees had to remain in their cells 22 to 23 hours per day and are no longer allowed visitation, access to religious services, and the like. He sought relief in the form of release from custody.

---

[1] It appears from public records that Anderson's jury trial occurred in June 2021 and resulted in a guilty verdict. See Commonwealth v. Anderson, No. CP-39-CR-00936-2019 (Pa. Ct. Com. Pl. Lehigh Cnty.).

Anderson then filed a supplemental complaint,[2] adding as defendants Officer

Ashley Stumpp of Lehigh Valley Pretrial Services, Warden Kyle Russell of the Lehigh

County Jail, Director Janine Donate of the Lehigh County Department of Corrections,

and the City of Allentown. He alleged that Stumpp had participated in his prior bail

hearings, that Russell and Donate were responsible for the procedures instituted in the

jail, and that the City of Allentown was liable "as their employer." Am. Compl. 3, ECF

No. 5. While repeating his request to be released, he added new claims for relief,

including "$3,000 a day for every day of confinement in violation of [the Constitution],"

along with "half a million dollars and the dismissal of pending indictment." Id. at 4.

The District Court dismissed Anderson's complaint for failure to state a claim,

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), reasoning that because Anderson sought

release from custody, his remedies were in habeas and not § 1983. The dismissal was

without prejudice to Anderson's filing a habeas petition once he exhausted available state

remedies.[3] The District Court also found, as to Anderson's damages claims, that the trial

judge had absolute immunity from suit. Anderson filed a motion under Federal Rule of

Civil Procedure 59(e), then a notice of appeal prior to disposition of his motion. We

---

[2] He titled this filing "Amended Complaint," see ECF No. 5 at 1, but as the District Court noted, "Anderson clearly intended that the Amended Complaint supplement, rather than replace, his Complaint," Mem. 2 n.3, ECF No. 6.

[3] Separately, Anderson filed a petition under 28 U.S.C. § 2241, which the District Court denied for failure to exhaust state remedies. We denied Anderson's request for a certificate of appealability. See Anderson v. Warden Lehigh County Prison, C.A. No. 21-1319

stayed our proceedings while the District Court considered Anderson's motion, which was then denied. Anderson timely filed an amended notice of appeal.[4]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's dismissal under the same de novo standard of review that we apply to our review of dismissals under Federal Rule of Civil Procedure 12(b)(6). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[O]nly a complaint that states a plausible claim for relief" can avoid dismissal under Rule 12(b)(6). See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). We also review de novo legal determinations regarding immunity. See Dotzel v. Ashbridge, 438 F.3d 320, 324–25 (3d Cir. 2006). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and we construe Anderson's pro se complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may affirm the District Court's decision "on any basis supported by the record." See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

As to Anderson's prayer for relief in the form of release from custody, the District Court correctly held that such a remedy is only available in habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). As to his claims for monetary damages, the District Court's underlying decision only spoke to these claims in terms of judicial immunity, but its opinion denying the Rule 59(e) motion went further, explaining that "granting that

---

[4] As a result, the scope of our review includes the underlying judgment. See Quality Prefabrication, Inc. v. Daniel J. Keating Co., 675 F.2d 77, 78 (3d Cir. 1982).

relief would have constituted 'a determination that [Anderson was] entitled to immediate release or a speedier release,' a determination only available upon consideration of a petition for writ of habeas corpus." ECF No. 17 at 3 (citing Preiser, 411 U.S. at 500 (alteration in original)). The record supports the District Court's dismissal of the complaint, and we will affirm.

First, Judge Reichley is immune from suit for actions performed in his judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 356–57 (1978). Second, Anderson's claims for money damages against the Commonwealth of Pennsylvania and the Lehigh County Court of Common Pleas are barred by the Eleventh Amendment. See Alden v. Maine, 527 U.S. 706, 750–52 (1999); Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 551 F.3d 193, 195 (3d Cir. 2008) ("Pennsylvania's judicial districts are arms of the state entitled to Eleventh Amendment immunity.").

Third, as to all named defendants, Anderson failed to state a claim based on the argument that the procedures put in place and his subjection to them constitute unlawful punishment, given his status as a pretrial detainee. Anderson argues that the quarantine protocols were functionally the same as solitary confinement, which is generally regarded as a punitive measure that cannot be imposed on pretrial detainees absent an individualized determination. See Appellant Br. 6–7 (citing Kingsley v. Hendrickson, 576 U.S. 389 (2015); Porter v. Pennsylvania Dep't of Corr., 974 F.3d 431 (3d Cir. 2020)). However, the relevant inquiry is "whether the [defendants] imposed the challenged conditions for the express purpose of punishment, and if not, whether [those conditions

5

were] rationally connected to a legitimate purpose but excessive in relation to its purpose." Hope v. Warden York Cnty. Prison, 972 F.3d 310, 328 (3d Cir. 2020) (citing Bell v. Wolfish, 441 U.S. 520, 538 (1979)); see also Kingsley, 576 U.S. at 398. Anderson's complaint failed to state a claim because he did not allege that the quarantine conditions were specifically imposed for the purpose of punishing him, and he did not establish that they were unconnected to a legitimate government purpose or excessive in relation to that purpose. Cf. Hope, 972 F.3d at 325–328 (addressing the legitimate, nonpunitive government interest in preventing COVID-19 in detention facilities).

Accordingly, we will affirm the District Court's dismissal of Anderson's complaint.[5]

---

[5] In light of our decision, Anderson's motion for appointment of counsel is denied.